[Civ. No. 904. Second Appellate District.—February 28, 1911.]

ERNEST SPENCER et al., Appellants, v. CHARLES N. CLARKE et al., Respondents.

BOUNDARY—EVIDENCE—HEARSAY—DECLARATIONS OF DECEASED PERSON —RULE OF ADMISSIBILITY BASED UPON NECESSITY—PROTECTION OF PRIVATE RIGHTS.—The rule that the declarations, on a question of boundary, of a deceased person who was in a position to be acquainted with the matter, and who was at the time free from any interest therein, are admissible as hearsay evidence, is based upon necessity, for the protection of the rights of private parties.

ID.—ACQUAINTANCE OF DECEASED PERSON WITH TRUE BOUNDARY ESSEN-
TIAL.—It is essential to the admissibility of hearsay evidence of
boundary that the deceased person be shown to be acquainted with
the true boundary line between the parties.

ID.—DECLARATION OF DECEASED SURVEYOR INADMISSIBLE—LINE FIXED BY
GOVERNMENT SURVEY—NONACQUAINTANCE WITH BOUNDARY.—Where
the monuments and lines, including the contested boundary line,
were those of an original government survey, the field-notes of which
were in evidence, and it appears that the deceased surveyor whose
declarations were relied upon did not retrace the government lines,
or re-establish their corners, and was not in a position to be ac-
quainted with the matter involving the true line between the parties
as fixed by the government survey, his declarations as to the bound-
ary between the parties were properly excluded as inadmissible hear-
say.

ID.—MATERIAL CONFLICT AS TO LOCATION OF BOUNDARY—SUPPORT OF
FINDING.—Where there is a material conflict in the evidence as to
the true location of the disputed boundary line, the finding of the
trial court for the defendants should not be disturbed.

ID.—MOTION FOR NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DISCRE-
TION IN DENYING MOTION—ABUSE NOT SHOWN.—The denial of plain-
tiffs' motion for a new trial on the ground of newly discovered evi-
dence cannot be said to be an abuse of discretion, where from aught
that appears in the record the evidence may have been cumulative
merely or was not of such a character as, taken with the other evi-
dence, would have the effect to change the findings.

APPEAL from a judgment of the Superior Court of San
Diego County, and from an order denying a new trial.   T. L.
Lewis, Judge.

The facts are stated in the opinion of the court.

C. N. Andrews, for Appellants.

Ward, Wells & Ward, for Respondents.

ALLEN, P. J.—The action was one to quiet title, the only
matter in controversy being as to the exact location upon the
ground of a division line between the lands of the respective
parties to the action.   The court found in favor of defendants
and judgment went accordingly, from which, and an order
denying a motion for a new trial, plaintiffs appeal.

The only serious question presented relates to the ruling of
the trial court in sustaining an objection to certain testimony.

One of the plaintiffs offered himself as a witness and, after stating that he had no information as to the controlling monuments or true location of the line in question, other than that which was derived from statements made to him by a surveyor named Wheaton, now deceased, who was a few years before the commencement of the action employed by him to run the exterior lines of his premises, was asked to give the location of said lines and monuments. An objection to this testimony was made upon the ground that the witness was not shown to be competent or to have any knowledge as to the accuracy of said survey, and that the same was hearsay. This objection was sustained. It is appellants' contention that the statements of such deceased surveyor were admissible as one of the exceptions to the rule governing the admissibility of hearsay evidence, under the authority of *Morton* v. *Folger,* 15 Cal. 275, and *Cornwall* v. *Culver,* 16 Cal. 428. The rule recognized in those cases is "that the declarations on a question of boundary, of a deceased person who was in a situation to be acquainted with the matter, and who was at the time free from any interest therein, were admissible, even when the controversy was between estates of private persons." It appears from the record that the controlling monuments and lines, including the contested line, were those of an original government survey, the field-notes of which were in evidence; that while Wheaton made a survey upon which his statements were based, that neither he nor any other surveyor ever retraced the government lines or re-established the government corners, or the location of said lines as determined by a survey thereof. The trial court by its rejection of Wheaton's statements determined that from the evidence Wheaton was not in a position to be acquainted with the matter involving the true line between the premises of the parties to this action, as fixed by the government survey, and when we consider that by his survey he had not sought to nor attempted to verify the government lines, which control the line in question, it was obvious that he was not so acquainted with the true location thereof as to bring his statements within the rule declared in the cases cited. The reason for the exception in cases of this character is based upon necessity for the protection of the rights of private parties. But in the case under consideration, where the controlling monuments exist and the

lines described in the field-notes are susceptible of exact determination by independent surveys, it cannot be said that a condition exists through which an opinion of a previous surveyor should be received as of necessity. We think the court committed no error in sustaining the objection to the witness recounting Wheaton's statements. The bill of exceptions shows that a material conflict in the evidence existed as to the true location of the disputed line. This being true, the finding of the trial court should not be disturbed.

It is finally claimed that the court abused its discretion in overruling the motion for a new trial based upon newly discovered evidence. From aught that appears in the record, this evidence may have been cumulative merely, or was not of such character as, taken in connection with the other evidence, would have had the effect to change the findings. These matters were for the trial court, and no abuse of discretion being shown, appellants' contention in this regard cannot be sustained.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.